1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8   TERRANCE DUANE MITCHELL,

9                              Plaintiff,          Case No. C21-239-BJR-MLP

10        v.
                                                   REPORT AND RECOMMENDATION
11   DOW CONSTANTINE, *et al*.,

12                              Defendants.

13

14        **I.    INTRODUCTION AND SUMMARY CONCLUSION**

15        This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff Terrance

16   Mitchell has been granted leave to proceed with this action *in forma pauperis*. Service has not

17   been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the

18   record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The

19   Court therefore recommends that Plaintiff's amended complaint and this action be dismissed

20   with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

21
22
23

REPORT AND RECOMMENDATION
PAGE - 1

## II.    DISCUSSION

Plaintiff is a King County prisoner who is confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. (Dkt. # 6 at 2.) In February 2021, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleged violations of his federal constitutional rights arising out of alleged violations of Title II of the Americans with Disabilities Act ("ADA") by the King County Superior Court. (*See id*.) Specifically, Plaintiff alleged that he is a disabled pre-trial detainee and that his Fourteenth Amendment rights to due process and equal protection were violated by the State of Washington when the King County Superior Court failed to place him in a community based treatment program after treatment professionals determined that such a placement was appropriate in order for Plaintiff to receive treatment related to his disability which is not available at KCCF. (*Id*. at 4-6.) Plaintiff asserted that the failure to accommodate his disability in this fashion violates Title II of the ADA. (*See id*.)

Plaintiff also alleged in his complaint that Washington Attorney General Bob Ferguson violated his Fourteenth Amendment rights when Mr. Ferguson failed to enforce the ADA which Plaintiff claims the King County Superior Court and the King County Prosecutor's Office violated by not using their authority to make community-based treatment available to him. (*Id*. at 7-8.) Plaintiff identified King County Executive Dow Constantine, Washington Governor Jay Inslee, and Mr. Ferguson as Defendants in his complaint. (*See id*. at 1, 3.) He asked that the King County Superior Court be directed to release him to its C-CAP program (Community Center for Alternative Programs) and that he be awarded damages for the State's alleged denial of disability-based treatment. (*Id*. at 9.)

REPORT AND RECOMMENDATION
PAGE - 2

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not adequately stated any claim for relief in his pleading. The Court therefore issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. # 7.) The Court explained therein that Plaintiff had not alleged viable ADA or constitutional claims against any of the three individual Defendants identified in his complaint. (*Id*. at 3.) The Court further explained that Plaintiff had not identified a viable Defendant for purposes of his ADA claim and that he had alleged insufficient facts to demonstrate an entitlement to relief under the ADA. (*See id*. at 3-5.) Plaintiff was granted thirty days within which to file an amended complaint. (*Id*. at 5.)

Plaintiff thereafter filed a timely amended complaint in which he identifies the King County Prosecuting Attorney's Office as the lone Defendant and his ADA claim as the lone claim for relief. (Dkt. # 9.) Plaintiff also sets forth in his amended complaint additional facts in support of his ADA claim. Plaintiff's amended complaint fails, however, to set forth sufficient facts to establish a viable ADA claim.

Plaintiff alleges in his amended complaint that he has a documented mental impairment, *i.e.*, major depressive disorder and that the Prosecutor's Office, a public entity, unlawfully denied him access to the King County Regional Mental Health Court ("MHC"). (*See id*. at 4-5.) Plaintiff claims that he made a request to be considered for participation in MHC in January 2020 at which time he met the essential eligibility requirements for the program and had a recommendation from a state treatment professional for MHC. (*Id*. at 5, 7.) Plaintiff asserts, however, that because he has a felony case pending, he can only enter the MHC program if the Prosecutor's Office refers him, which it has refused to do. (*Id*. at 5-6.) Plaintiff maintains that the

REPORT AND RECOMMENDATION
PAGE - 3

1   refusal of the Prosecutor's Office to make MHC accessible to him by making reasonable

2   accommodations to its polices, practices, and procedures is a form of disability-based

3   discrimination which is prohibited by the ADA. (*See id*. at 6-7.)

4          As the Court explained in its Order declining to serve Plaintiff's original complaint, Title

5   II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by

6   reason of such disability, be excluded from participation in or be denied the benefits of the

7   services, programs, or activities of a public entity, or be subjected to discrimination by any such

8   entity." 42 U.S.C. § 12132. In order to state a claim under Title II of the ADA, a plaintiff must

9   allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in

10  or receive the benefit of some public entity's services, programs, or activities; (3) he was either

11  excluded from participation in or denied the benefits of the public entity's services, programs, or

12  activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

13  denial of benefits, or discrimination was by reason of [his] disability." *Simmons v. Navajo Cnty,*

14  *Ariz*, 609 F.3d 1011, 1021 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty of L.A.*,

15  833 F.3d 1060 (9th Cir. 2016). For purposes of the ADA, an individual with a disability is one

16  who: (1) has a physical or mental impairment which substantially limits one or more of his/her

17  major life activities; (2) has a record of such an impairment; and, (3) is regarded as having such

18  an impairment. *See* 42 U.S.C. § 12102(2).

19         Accepting Plaintiff's representation that his major depressive disorder qualifies him as an

20  individual with a disability for purposes of the ADA, the Court is not persuaded that Plaintiff is

21  "otherwise qualified" to participate in the treatment program. As noted above, Plaintiff claims

22  that he meets all of the essential eligibility requirements for participation in the MHC, but this is

23

REPORT AND RECOMMENDATION
PAGE - 4

clearly not the case. Among the requirements for Plaintiff to be considered for participation in the program is that he obtain a referral from the Prosecutor's Office. The fact that the Prosecutor's Office determined a referral was not appropriate in Plaintiff's case constitutes an exercise of prosecutorial discretion and such matters are typically beyond the scope of judicial review.

Moreover, as noted in the Court's prior Order, and as remains true here, Plaintiff pleads no facts demonstrating that he was excluded from the community-based treatment program "by reason of" his alleged disability. It is reasonable to infer from the facts alleged by Plaintiff that his exclusion from the community-based treatment program is by reason of the criminal charges pending against him and not by reason of his disability. That Plaintiff may be suffering what he believes to be ongoing harm as a result of his ongoing confinement is a function of the criminal charges pending against him and not some form of disability-based discrimination. This Court concludes, based on the facts alleged by Plaintiff in his amended complaint, that he has not adequately stated any claim for relief under the ADA.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff fails to state any cognizable claim for relief in his amended complaint, this action must be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a

REPORT AND RECOMMENDATION
PAGE - 5

cognizable claim for relief. This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 13, 2021**.

DATED this 21st day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6